The Honorable Marsha J. Pechman

1

2  WILLIAM R. TAMAYO, REGIONAL ATTORNEY
   U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
3  SAN FRANCISCO DISTRICT OFFICE
   350 THE EMBARCADERO, SUITE 500
4  SAN FRANCISCO, CALIFORNIA 94105-1260

5
   JOHN F. STANLEY, SUPERVISORY TRIAL ATTORNEY
6  LISA COX, TRIAL ATTORNEY
   EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
7  909 FIRST AVENUE, SUITE 400
   SEATTLE, WA 98104
8  Lisa.Cox@EEOC.gov
   Tel:  (206) 220-6859
9  Fax: (206) 220-6911

10
   ATTORNEYS FOR PLAINTIFF EEOC
11

12

13  IN THE UNITED STATES DISTRICT COURT,
    WESTERN DISTRICT OF WASHINGTON AT SEATTLE
14

15
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Civil No. 2:06-CV-01323 MJP |
|---|---|
| Plaintiff, | CONSENT DECREE |
| vs. | |
| STARBUCKS CORPORATION, | |
| Defendant. | |

22

23  **I.  INTRODUCTION**

24
    1.      This action originated when Christine Drake filed a charge of discrimination with the
25

EEOC v. Starbucks Corporation
2:06-CV-1323 MJP
Consent Decree
1 of 8

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6859
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

18177-0144/LEGAL13137970.2

1. Equal Employment Opportunity Commission ("EEOC" or "Commission"). Ms. Drake alleged that Starbucks Corporation ("Starbucks" "the Company" or "Defendant") discriminated against her, in violation of Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 ("ADA") based on her disabilities.

2. The Commission filed its complaint on September 14, 2006, in the United States District Court for Western District of Washington at Seattle. The complaint alleges that Defendant discriminated against Ms. Drake when it failed to engage in the interactive process, failed to continue a previously granted accommodation, and ultimately terminated Ms. Drake, because of her disabilities.

3. Starbucks filed an answer denying the allegations of discrimination in the EEOC's complaint, asserting that it had at all times accommodated Ms. Drake in the workplace, that it had legitimate non-discriminatory reasons for terminating Ms. Drake's employment, and asserted several affirmative defenses.

4. By entering into this Consent Decree, the EEOC and Starbucks desire to conclude fully and finally this litigation, and to further the objectives of equal employment as set forth in the ADA, rather than to devote further resources toward pursuing this litigation.

5. If EEOC concludes that Starbucks has failed to comply with this Consent Decree, the Commission may bring an action in the United States District Court for the Western District of Washington to enforce the Consent Decree as provided in Paragraph 17 below.

## II.   JURISDICTION AND VENUE

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans

EEOC v. Starbucks Corporation
2:06-CV-1323 MJP
Consent Decree
2 of 8

EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6859
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

18177-0144/LEGAL13137970.2

with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  The employment practices claimed to be unlawful were allegedly committed within the jurisdiction of the United States District Court for the Western District of Washington at Seattle.

### III.   NON-ADMISSION OF LIABILITY

7. This Consent Decree is not an adjudication or finding on the merits of this case, and shall not be construed as an admission by Starbucks that it has violated the ADA or any other federal or state laws.  Indeed, Starbucks expressly denies that it engaged in any unlawful employment practices, that it discriminated against Ms. Drake on the basis of her alleged disability, that Starbucks failed to reasonably accommodate Ms. Drake's alleged disability, or that Starbucks terminated Ms. Drake's employment because of her alleged disability.  Rather, Starbucks enters this Consent Decree to avoid further litigation of this dispute and, instead, to devote its attention and energies toward the common goal of equal employment opportunity.

### IV.   PURPOSE OF THE AGREEMENT

8. The parties have entered into this Consent Decree in order to avoid time, expense, and uncertainty of further litigation and to resolve all claims that were asserted, or that could have been asserted by EEOC against Starbucks arising from the charge filed by Ms. Drake.

/ / /

EEOC v. Starbucks Corporation
2:06-CV-1323 MJP
Consent Decree
3 of 8

EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6859
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

18177-0144/LEGAL13137970.2

## V.  MONETARY RELIEF AND RELEASE

9. Starbucks will pay to Ms. Drake $15,000 in wages, less all legally required withholdings, and $60,000 in non-pecuniary damages, thereby resolving all claims for damages, fees, and costs sought through the EEOC's complaint, within thirty (30) business days after entry by the Court of this Consent Decree. Payment shall be mailed directly to Ms. Drake at an address to be provided to Starbucks by the EEOC. In addition, Starbucks will make a contribution to the Disability Rights Legal Center in the amount of $10,000 within ten (10) days after entry by the Court of this Consent Decree. A letter accompanying the contribution will make note of Christine Drake's EEOC charge. This Consent Decree is the final and complete resolution of all allegations of unlawful employment practices contained in Christine Drake's discrimination charges, in the EEOC administrative determination, and in the complaint filed herein, including all claims by the parties for attorney fees and costs.

## VI.  NON-MONETARY RELIEF

<u>Policy Against Discrimination</u>

10. Starbucks shall continue to implement its anti-discrimination policies, procedures, and training for employees, supervisors, and management personnel, and will continue to provide equal employment opportunities for all employees. Starbucks will continue to work with its managers and supervisors in order to prevent discrimination in employment under the ADA, and to ensure that its managers and supervisors understand its equal employment opportunity policies, and how those policies define and identify what constitutes discrimination. A written copy of Starbucks EEO policy will be posted at all

EEOC v. Starbucks Corporation
2:06-CV-1323 MJP
Consent Decree
4 of 8

EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6859
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

18177-0144/LEGAL13137970.2

retail stores in District No. 127 within seven (7) days of entry of this Consent Decree and will continue to be distributed to all future employees at the time of hire.

Training

11. Starbucks will provide to all of its store managers and assistant store managers within District No. 127, a minimum of two (2) hours of ADA training within six months from the entry of this Consent Decree. The cost of the training shall be borne by the company. The training will focus on the benefits of working with individuals with disabilities, conducting individualized assessments of employees with disabilities, and handling requests for reasonable accommodation. A copy of all written materials used at the training shall be provided to Mathias Eichler.

12. Starbucks will retain a record of the training program, including the date held and a list of persons in attendance. A copy of these records of training materials shall be submitted to the EEOC in accordance with paragraph 13 below.

Reporting

13. Six months following the entry of this decree Starbucks will report the following information to the EEOC Seattle Field Office:

- Certification that Starbucks EEO policy has been posted in its retail stores in District No. 127;

- Certification that Starbucks EEO policy has been and is being distributed to all newly-hired employees; and

EEOC v. Starbucks Corporation
2:06-CV-1323 MJP
Consent Decree
5 of 8

EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6859
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

18177-0144/LEGAL13137970.2

- Certification of the completion of the training session required by Paragraph 11 of this Consent Decree, including the date of the training session, a copy of the training materials, and a list of participants.

- A report disclosing a summary of the name, date, and nature of any internal complaints arising within District No. 127 concerning disability discrimination or disability accommodation and the response thereto.  This report may be prepared in letter form and shall be filed twice:  once at the end of six months and again at the conclusion of this one-year Consent Decree.  Other than the filing of this information report, as otherwise described in this Consent Decree, or as may be otherwise required by law, Starbucks shall be under no other, additional reporting obligations with respect to such complaints.

<u>Posting of Notice</u>

14. Within sixty (60) days after entry of this Consent Decree, Starbucks will post in each of its stores within District No. 127, a copy of the Notice of Settlement (Attachment 1) where the Starbucks posts information on employment policies and other pertinent employee information, and will maintain this posting for one year.

15. Within fourteen (14) days of the Court's entry of this Consent Decree, Starbucks will purge from all files related to Ms. Drake's employment, any references to her complaints of discrimination, as well as all reviews/notes written by Mathias Eichler.

16. Starbucks will provide a neutral oral reference and/or written reference, to any party requesting information regarding Ms. Drake, so long as requests for such a reference are directed to "The Work Number" at (800) 996-7566.

EEOC v. Starbucks Corporation
2:06-CV-1323 MJP
Consent Decree
6 of 8

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6859
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

18177-0144/LEGAL13137970.2

## VII.   ENFORCEMENT

17. If the EEOC concludes that Starbucks has breached this agreement, it may bring an action in the United States District Court of the Western District of Washington to enforce this Consent Decree.  Before bringing an action for breach of the decree, the EEOC shall first give Starbucks thirty (30) days notice of the perceived breach.  The EEOC and Starbucks shall use that 30-day period for good faith efforts to resolve the matter.

## IX.   RETENTION OF JURISDICTION

18. The United States District Court of the Western District of Washington shall retain jurisdiction over this matter for the duration of the Consent Decree.

## X.  DURATION AND TERMINATION

19. This decree shall be in effect for one (1) year, commencing with the date the decree is entered by the Court.  If the EEOC petitions the Court for breach of the agreement, and the Court finds Starbucks to be in violation of the terms of the Consent Decree, the Court may extend this Consent Decree for a reasonable period of time.

//

//

//

//

//

//

//

**EEOC v. Starbucks Corporation**
**2:06-CV-1323 MJP**
**Consent Decree**
7 of 8

**EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION**
**Seattle Field Office**
**909 First Avenue, Suite 400**
**Seattle, Washington  98104-1061**
**Telephone:  (206) 220-6859**
**Facsimile:  (206) 220-6911**
**TDD:  (206) 220-6882**

18177-0144/LEGAL13137970.2

# XI. CONCLUSION

20. The provisions of this Consent Decree are not binding on the parties until an authorized representative of each party signs and the Court enters the Consent Decree. The forgoing terms and conditions are agreed upon and stipulated on this <u>11th</u> day of June, 2007.

| | |
|---|---|
| WILLIAM R. TAMAYO. <br> Regional Attorney | RONALD S. COOPER <br> General Counsel |
| JOHN F. STANLEY <br> Supervisory Trial Attorney | JAMES L. LEE <br> Deputy General Counsel |
| LISA COX <br> Trial Attorney | GWENDOLYN YOUNG REAMS <br> Associate General Counsel |

BY:  */s/ John F. Stanley*
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle District Office
909 First Avenue, Suite 400
Seattle, Washington 98104
Telephone (206) 220-6859

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of the General Counsel
1801 "L" Street NW
Washington, D.C. 20507

Attorney for Plaintiff EEOC

BY:  */s/ Kevin J. Hamilton*
Kevin J. Hamilton, WSBA #15648
Perkins Coie, LLP
1307 Third Ave., Suite 4800
Seattle WA 98101
Telephone (206) 359-88888

Attorney for Defendant
Starbucks Corporation

EEOC v. Starbucks Corporation
2:06-CV-1323 MJP
Consent Decree
8 of 8

EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6859
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

18177-0144/LEGAL13137970.2